UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 22-cv-22969

LEINIEL ANTUNEZ FARINAS,
    Plaintiff,

vs.

MEDX STAFFING, INC.,
    Defendant.
_____/

## COMPLAINT FOR FLSA WAGE VIOLATIONS AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, LEINIEL ANTUNEZ FARINAS (hereinafter "Plaintiff") on behalf of herself and all others similarly situated, sues the Defendant, MEDX STAFFING, INC. (hereinafter "Defendant"), based on the following good cause:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, is over the age of 18 years old and is a sui juris resident of Miami-Dade County, Florida, at all times material hereto.

2. Defendant is a sui juris Utah for-profit limited liability company business with its principal place of business in Utah, which is registered and authorized to conduct business in Florida and registered agent is in Florida.

3. Defendant was Plaintiff's direct employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transact business in this District, because Plaintiff worked as Registered Nurse for the Defendant in Miami-Dade County, Plaintiff is due overtime payment for wages earned for work performed in Miami Dade County and the cause of action accrued in Miami-Dade County, Florida.

5. This is an action to recover monetary damages, liquidated damages, interest, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the FLSA").

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

7. Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., (hereinafter "Act" or "FLSA") to recover overtime, and an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

8. Defendant, MEDX STAFFING, INC, was, during all times mentioned, an enterprise engaged in commerce as defined in Section 3(r) of the Act, 29 U.S.C. §203(r) and 203(s).

9. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto and is expected to be for the current year in excess of $500,000 per annum.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant from October 05, 2021 through July 15, 2022 as a Registered Nurse providing services at Covid-19 testing cites in Miami-Dade.

11. Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

12. Plaintiff is not an exempt employee because he was compensated on an hourly basis. Plaintiff's job duties held by Plaintiff include such things as, conducting medical test, laboratory work making entries on patient registration, input information in patient's electronic charges; greeting patients, setup tents, and to direct traffic.

13. Plaintiff did not possess any supervisory authority and did not oversee any employees.

14. Defendant controlled Plaintiff's work hours, work location, and duties to be performed.

15. Defendant has at all times material hereto engaged in interstate commerce as it provides medical services through the State of Florida and other States including but not limited to Utah.

16. Defendant engages in interstate commerce by virtue of the fact that its business affects interstate commerce because the materials and goods the Plaintiff used on a constant basis moved through interstate commerce. Plaintiff also used, handled and worked with materials and goods that moved in interstate commerce which include but may not be limited to; medical equipment, vaccines, testing kits, telephone, etc.

17. Further, Defendant regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff or used the instrumentalities of interstate commerce and as such, Defendant is an enterprise covered by the FLSA.

18. In addition, Defendants' annual gross revenues are believed to be in excess of $500,000.00 for the relevant time period.

19. Defendants hired Plaintiff as an hourly Registered Nurse to perform medical services at Covid-19 testing locations.

20. Defendant compensated Plaintiff 50.00 per hour for all hours worked including hours in excess of 40 hours per week.

21. During all time periods material hereto, Defendant supervised Plaintiff's work and ordered Plaintiff where and when to work and how to perform his job. Defendants also created Plaintiff's schedule and required him to wear a uniform.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207

22. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 21 as though set forth fully herein.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

24. During all time periods material hereto, Plaintiff was a non-exempt, hourly employee.

25. Plaintiff worked an average of 70 hours per week.

26. Plaintiff performed and continued to perform work for Defendants during his employment for which he should have received time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

27. Defendant refused to pay Plaintiff one-and-one-half times his regular hourly rate for all hours of work performed over forty (40).

28. Plaintiff therefore claims the applicable federal overtime wage rate for each hour worked in excess of forty (40) per week during her employment for which she was not properly compensated.

29. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

30. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

31. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on September 16, 2022.

                              **Angulo Diaz Law Group, P.A.**
                              780 NW 42 Avenue
                              Ste 426
                              Miami, Florida 33126
                              (305) 468-9564 - Telephone
                              Email: service@angulodiazlaw.com

                              By: _/s/Yelina Angulo_
                              Yelina Angulo, Esq.
                              Florida Bar No.: 111339